IAT.26232

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **VICTOR CARTER and** | § | |
| **TRACY SARTER,** | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **VS.** | § | |
| | § | |
| **ROLLIE TRANSPORT INC.,** | § | |
| **Defendant.** | § | |

## DEFENDANT'S INDEX OF DOCUMENTS

The following Exhibits are relied upon and incorporated by reference in Defendant's

Notice of Removal:

1.      State Court Docket Sheet;

2.      Plaintiffs' Original Petition, filed November 18, 2021;

3.      Citation on Rollie Transport Inc., issued November 18, 2021; and

4.      Defendant's Original Answer, filed December 22, 2021.

Respectfully submitted,

**FLETCHER, FARLEY
SHIPMAN & SALINAS, LLP**


BY:     */s/ Kristi L. Kautz*
        **LANE P. FARLEY**
        State Bar No. 00787451
        Email: lane.farley@fletcherfarley.com
        **KRISTI L. KAUTZ**
        State Bar No. 24060069
        Email: kristi.kautz@fletcherfarley.com
        9201 N. Central Expressway, Suite 600
        Dallas, Texas 75231
        (214) 987-9600 (office)
        (214) 987-9866 (telecopier)

        **ATTORNEYS FOR DEFENDANT
        ROLLIE TRANSPORT INC.**


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing instrument was electronically filed via the Court's CM/ECF system and a true and correct copy of same was delivered to all counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this the 29th day of December 2021.


        */s/ Kristi L. Kautz*
        **KRISTI L. KAUTZ**

# EXHIBIT
# "1"



## Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

Civil Case and Transaction Information          12/28/2021 8:46 AM

**Court :** [ 342 ▾ ]   **Case :** [ 330406 ]   [ Search ]   [ New Search ]   ☐ Show Service Documents ONLY

**Cause Number : 342-330406-21**          **Date Filed : 11-18-2021**

VICTOR CARTER, ET AL   **| VS |**   ROLLIE TRANSPORT, INC

**Cause of Action :** INJURY OR DAMAGE, INVOLVING MOTOR VEHICLE

**Case Status :** PENDING

| File Mark | Description | | Assessed Fee | Credit/Paid Fee |
|-----------|-------------|---|---|---|
| 11-18-2021 | PLTF'S ORIG PET | [PDF]   N | $289.00 | |
| 11-18-2021 | PAYMENT RECEIVED trans #1 | Y | | $289.00 |
| 11-18-2021 | CIT-ISSUED ON ROLLIE TRANSPORT INC-On 11/29/2021 | [PDF]   N   Svc | $8.00 | |
| 11-18-2021 | PAYMENT RECEIVED trans #3 | Y | | $8.00 |
| 11-24-2021 | LTR REQ CIT EMAILED (DP 11/24/21 JH) | [PDF] | | $0.00 |
| 12-22-2021 | DEFN ROLLIE TRANSPORT ORIG ANS W/SPEC EXC/AFFIRM DEFENSES | [PDF] | | $0.00 |

# EXHIBIT
## "2"

342-330406-21

FILED
TARRANT COUNTY
11/18/2021 11:59 AM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. _____

| | | |
|---|---|---|
| **VICTOR CARTER and TRACY SARTER,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiffs* | § | |
| | § | |
| **VS.** | § | _____**JUDICIAL DISTRICT** |
| | § | |
| **ROLLIE TRANSPORT INC.,** | § | |
| *Defendant* | § | **TARRANT COUNTY, TEXAS** |

## PLAINTIFFS'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiffs, **VICTOR CARTER and TRACY SARTER** ("Plaintiffs") complains of Defendant, **ROLLIE TRANSPORT INC.** ("Defendant"), and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiffs intend that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.  Plaintiffs **VICTOR CARTER AND TRACY SARTER** are individuals residing in Tarrant County, Texas.

3.  Defendant **ROLLIE TRANSPORT INC.** is a foreign corporation doing business in Texas, and may be served with process to its corporate representative, located at 7911 W Powhatan Ave, Tampa, FL 33615.

### III.
### JURISDICTION & VENUE

**4.**     This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendant is a Texas resident and/or does business in the State of Texas.

**5.**     Venue is proper in Tarrant County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in Tarrant County, Texas.

**6.**     Venue is proper in Tarrant County in this cause pursuant to § 15.002(a)(2) of the CIVIL PRACTICE & REMEDIES CODE because Plaintiffs **VICTOR CARTER AND TRACY SARTER** are residents of Tarrant County, Texas.

### IV.
### FACTS

**7.**     On or about February 16, 2020, Plaintiffs **VICTOR CARTER AND TRACY SARTER** were operating their vehicle in a lawful manner while traveling on the 2500 block of E. Park Row Drive in Tarrant County, Texas, when their vehicle was suddenly, violently, and without warning struck by Defendant **ROLLIE TRANSPORT INC.**, driven by an Unknown driver.  As a result of the collision and the Defendant's negligence, **VICTOR CARTER AND TRACY SARTER** sustained injuries.

### V.
### CAUSES OF ACTION AGAINST
### DEFENDANT ROLLIE TRANSPORT INC.

**A.     NEGLIGENCE**

**8.**     The occurrence made the basis of this suit, reflected in the above paragraphs, and the resulting injuries and damages of Plaintiffs were proximately caused by the negligent

conduct of the Defendant **ROLLIE TRANSPORT INC.,** who owned the vehicle being operated and driven in a negligent manner and by violating the duty which they owed the Plaintiffs to exercise ordinary care in the operation of their motor vehicle in one or more of the following respects:

    a.   failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

    b.   failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    c.   operating his vehicle at a rate of speed that was greater than an ordinary prudent person would have driven under of similar circumstances;

    d.   failing to turn the vehicle in an effort to avoid the collision in question; and

    e.   failing to maintain his vehicle in proper working order.

**9.**    Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the collision and injuries and other losses as specifically set forth herein.

**B.**    ***NEGLIGENCE PER SE***

**10.**    Further, pursuant to the negligence *per se* doctrine, Defendant's driver failed to exercise the mandatory standard of care in violation of V.T.C.A. TRANSPORTATION CODE, §545.152, which mandates that:

**§545.351 MAXIMUM SPEED REQUIREMENT**

(a) An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing.

(b) An operator:

    (1) May not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and

(2) Shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care.

(c) An operator shall, consistent with Subsections (a) and (b), drive at an appropriate reduced speed if:

(1) The operator is approaching and crossing an intersection or railroad grade crossing;

(2) The operator is approaching and going around a curve;

(3) The operator is approaching a hill crest;

(4) The operator is traveling on a narrow or winding roadway; and

(5) A special hazard exists with regard to traffic, including pedestrians, or weather or highway conditions.

11.     Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence and negligence *per se* which proximately caused the collision and injuries and other losses as specifically set forth herein.

### C.     RESPONDEAT SUPERIOR

12.     At all relevant times, the Unknown Defendant driver was the agent or employee of Defendant **ROLLIE TRANSPORT INC.** and was acting within the course and scope of his employment or agency.  As such, **ROLLIE TRANSPORT INC.** is vicariously liable for the above-referenced negligence and negligence *per se* of the Unknown Defendant driver**.**

### D.     NEGLIGENT ENTRUSTMENT

13.     On information and belief, Defendant **ROLLIE TRANSPORT INC.** was negligent in the hiring and delegation of driving duties to the Unknown Defendant driver:

a.      by failing to exercise due diligence in the hiring and employment the Unknown

Defendant driver, including without limitations failing to review, or negligently reviewing,

the Unknown Defendant driver's driving record;

b.      by failing to properly monitor the Unknown Defendant driver's on-the-job driving.

14.    The above acts and/or omissions were singularly and cumulatively the proximate cause of

the occurrence in question and the resulting injuries suffered and damages sustained by

Plaintiff.

## VI.
## DAMAGES

15      As a direct and proximate result of the collision and the negligent conduct of the Defendant,

Plaintiffs **VICTOR CARTER AND TRACY SARTER** suffered bodily injuries as

reflected in the medical records from the health care providers that have treated the injuries

since the collision.  The injuries may be permanent in nature. The injuries have had an

effect on the Plaintiffs **VICTOR CARTER AND TRACY SARTER'S** health and well-

being.  As a further result of the nature and consequences of his injuries, Plaintiffs

**VICTOR CARTER AND TRACY SARTER** has suffered and may continue to suffer

into the future, physical pain and mental anguish.

16.    As a further result of all of the above, Plaintiffs **VICTOR CARTER AND TRACY**

**SARTER** have incurred expenses for her medical care and attention in the past and may

incur medical expenses in the future to treat her injuries.

17.    Plaintiffs **VICTOR CARTER AND TRACY SARTER** have also suffered losses and

damages to their personal property, including but not limited to damage to their vehicle for

which they have never been compensated.

18.   By reason of all of the above, Plaintiffs have suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

19.   Plaintiffs assert that the amount of any monetary damages awarded to Plaintiffs should be decided by a jury of Plaintiffs' peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiffs to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seeks monetary relief **OVER TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00)** but not more than **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiffs is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

20.   Plaintiffs further requests both pre-judgment and post-judgment interest on all their damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

21.   Plaintiffs demand a trial by jury.  Plaintiffs acknowledge payment this date of the required jury fee.

## IX.
## REQUEST FOR DISCLOSURE

22.   Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

23. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## DESIGNATED E-SERVICE EMAIL ADDRESS

24. The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: service@bushlawgrp.com.  This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## XIII.
## PRAYER

25. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiffs have judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be justly entitled by law and equity, including, but not limited to:

    1.      Pain and suffering in the past;
    2.      Pain and suffering in the future;
    3.      Mental anguish in the past;
    4.      Mental anguish in the future;
    5.      Past medical expenses;
    6.      Future medical expenses;
    7.      Physical impairment in the past;
    8.      Physical impairment in the future;
    9.      Physical disfigurement in the past;
    10.    Physical disfigurement in the future;
    11.    Lost wages in the past;

12.    Loss of future wage-earning capacity;
13.    Property damage;
14.    Loss of use;
15.    Pre-judgment interest; and
16.    Post-judgment interest.

Respectfully submitted,

**BUSH & BUSH LAW GROUP**

**/S/SMARANDA DRAGHIA-HOBBS**

_____

Smaranda Draghia-Hobbs
Texas Bar No. 24102962
Email: shobbs@bushlawgrp.com
Charles Bush
Texas Bar No. 24096028
Email: cbush@bushlawgrp.com
3710 Rawlins Street, Suite 1420
Dallas, Texas 75219
Telephone: (214) 615-6394
Facsimile: (833) 817-6428
**E-service only:** service@bushlawgrp.com
**ATTORNEYS FOR PLAINTIFFS**

# EXHIBIT
# "3"

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                              *Cause No. 342-330406-21*

VICTOR CARTER, ET AL
VS.
ROLLIE TRANSPORT, INC

TO: ROLLIE TRANSPORT INC

7911 W POWHATAN AVE TAMPA, FL 33615-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFFS'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 342nd District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFFS being

VICTOR CARTER, TRACY SARTER

Filed in said Court on November 18th, 2021 Against
ROLLIE TRANSPORT INC

For suit, said suit being numbered 342-330406-21 the nature of which demand is as shown on said
PLAINTIFFS'S ORIGINAL PETITION  a copy of which accompanies this citation.

SMARANDA DRAGHIA-HOBBS
Attorney for VICTOR CARTER Phone No. (214)615-6394
Address      3710 RAWLINS ST STE 1420 DALLAS, TX 75219
_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 29th day of November, 2021.

By _____ Deputy
NATALIE TOLGPEN

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

OFFICER'S RETURN  *34233040621000003*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS'S ORIGINAL PETITION
, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____     _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                              _____
County of _____, State of _____

# CITATION

Cause No. 342-330406-21

VICTOR CARTER, ET AL

VS.

ROLLIE TRANSPORT, INC

ISSUED

This 29th day of November, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By _____ NATALIE THIGPEN Deputy

AMARANDA DRAGHIA-HOBBS
Attorney for: VICTOR CARTER
Phone No. (214)615-6394
ADDRESS: 3710 RAWLINS ST STE 1420
DALLAS, TX 75219

*CIVIL LAW*

*23330406210000003*

SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

# EXHIBIT
## "4"

342-330406-21

FILED
TARRANT COUNTY
12/22/2021 10:54 AM
THOMAS A. WILDER
DISTRICT CLERK

IAT.26232

## CAUSE NO. 342-330406-21

| | | |
|---|---|---|
| **VICTOR CARTER and** | § | **IN THE DISTRICT COURT** |
| **TRACY SARTER,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **342ND JUDICIAL DISTRICT** |
| **v.** | § | |
| | § | |
| **ROLLIE TRANSPORT INC.,** | § | |
| | § | |
| **Defendant.** | § | **TARRANT COUNTY, TEXAS** |

## DEFENDANT ROLLIE TRANSPORT INC.'S
## ORIGINAL ANSWER WITH SPECIAL EXCEPTIONS AND AFFIRMATIVE
## DEFENSES

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, ROLLIE TRANSPORT, INC. **(hereinafter referred to as "Defendant")**, Defendant in the above-entitled and numbered cause, and files this its Original Answer with Special Exceptions and Affirmative Defenses and for same would respectfully show unto the Court as follows:

## I.

### SPECIAL EXCEPTIONS

1.1     Defendant specially excepts to *Plaintiffs' Original Petition* because Plaintiffs failed to provide partial identification information as required by TEX. CIV. PRAC. & REM. CODE § 30.014. Defendant requests the Court order Plaintiffs to amend their petition to include the required information as follows:

      a) the last three numbers of the party's driver's license number, if the party has been issued a driver's license; and

      b) the last three numbers of the party's social security number, if the party has been issued a social security number.

DEFENDANT ROLLIE TRANSPORT INC.'S ORIGINAL ANSWER  - Page 1

## II.

### GENERAL DENIAL

2.1     At this time Defendant asserts a general denial, as authorized by Rule 92 of the Texas Rules of Civil Procedure, denies, all and singular, each and every allegation contained in Plaintiffs' Original Petition and all amendments or supplementations thereto, and respectfully requests that the Court and the jury require Plaintiffs to prove their claims, charges, and allegations by a preponderance of the evidence and/or clear and convincing evidence as applicable to Plaintiffs' specific allegations, as required by the constitution and laws of the State of Texas.

## III.

### AFFIRMATIVE AND OTHER DEFENSES

Defendant further answers and pleads by way of the affirmative defenses pursuant to Tex. R. Civ. P. 94 described below and the other defenses pleaded herein and would show the Court and the jury as follows:

3.1     Defendant invokes §18.091 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and requests to the extent the Plaintiffs seek recovery for loss of earnings, loss of earning capacity, loss of contribution of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability. Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiffs is subject to federal income taxes.

3.2     Defendant further alleges that the Plaintiffs' claim for pre-judgment interest is limited by the dates and amounts set forth in § 304.101 of the TEXAS FINANCE CODE.

3.3     Answering further and in the affirmative, Defendant invokes § 41.0105 of the Texas Civil Practice and Remedies Code concerning Plaintiffs' claim for the recovery of health care expenses and other related damages, past and future.

3.4     By way of further affirmative defense, and in addition to any other limitation under law, Defendants plead that Plaintiffs' recovery of medical expenses is governed by and limited to Chapter 146 of the Texas Civil Practice and Remedies Code.  Plaintiffs are not liable for, and their healthcare providers may not recover, any medical expenses that Plaintiffs' healthcare providers were required or authorized to bill Plaintiffs' "health benefit plan(s)" and failed to do so.  Plaintiffs may only recover amounts they would have actually had to pay (i.e. co-pays or deductibles) had the healthcare providers actually billed the "health benefit plan(s)" as authorized or required under Chapter 146 of the Texas Civil Practice and Remedies Code.

3.5     Defendant will further show that to the extent that any health care provider has written off its charges for medical care for Plaintiffs and/or paid charges for medical care in connection with the injuries made the basis of this suit, in the unlikely event that Plaintiffs obtains a final judgment against Defendant, it would respectfully show that it is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiffs pursuant to Tex. Civ. Prac. & Rem Code §41.0105.

3.6     Defendant pleads that Plaintiffs may not recover for any alleged injuries and damages which are the result of pre-existing and/or subsequently occurring bodily injuries, ailments, conditions, or stressors unrelated to the incident that is the basis of this lawsuit.

3.7     By way of further affirmative defense, Defendant would show that Plaintiffs may not recover for medical and/or chiropractic treatment rendered to Plaintiffs and expenses incurred by Plaintiffs, which were not usual and customary in the county in which such services were provided and were therefore not reasonable and necessary.

3.8     Defendant affirmatively pleads that it is entitled to a credit or set off in the amount of any payment, recovery, or settlement that Plaintiffs have obtained from any party or person to compensate Plaintiffs for injuries about which Plaintiffs complain.

3.9     Defendant would show that in the unlikely event the Jury finds in favor of Plaintiffs and awards injuries and damages, Defendant specifically reserves any and all rights it has for contribution against third-persons, both parties and non-parties and reserves its rights and remedies under Chapters 32 and 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

3.10    By way of affirmative defense, this Defendant would show that Plaintiffs may not recover any damages which Plaintiffs could have but did not mitigate.

3.11    Defendant invokes TEX. CIV. PRAC. & REM. CODE § 33.001 et seq. and asserts that the jury be asked to determine the comparative fault, if any, of the Plaintiffs for the injuries and damages alleged by said Plaintiffs in Plaintiffs' pleading on file with this Court.  Specifically, Defendant would show that the jury should be asked to determine whether at the time and on the occasion in question Plaintiffs failed to exercise that degree of care and caution which would have been exercised by a person of ordinary prudence under the same or similar circumstances and whether such acts and omissions constitute negligence and was a direct and only proximate cause or alternatively a direct and proximate cause of the injuries in question and the damages, if any, sustained by the Plaintiffs.  Defendants assert that the Plaintiffs' recovery, if any, should be reduced by any percentage of responsibility, if any, placed on Plaintiffs by the jury and that any Plaintiff found to be more than 50% responsible by the jury should be barred from any recovery from this Defendant.

## IX.

### NOTICE PURSUANT TO TRCP 193.7

4.1     By way of further answer, Defendant hereby gives actual notice to the Plaintiffs, that any and all documents produced during discovery by Plaintiffs may be used against the Plaintiffs, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of

authenticating the document.  This notice is given pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE.

## X.

### JURY TRIAL

5.1     Defendants hereby, in accordance with Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant ROLLIE TRANSPORT INC. prays that Plaintiffs take nothing by this suit, that Defendant go hence with its costs, without delay, and for such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**FLETCHER, FARLEY,**
**SHIPMAN & SALINAS, L.L.P.**

By:     */s/ Lane P. Farley*
               **LANE P. FARLEY**
               STATE BAR NO. 00787451
               lane.farley@fletcherfarley.com
               **KRISTI L. KAUTZ**
               STATE BAR NO. 24060069
               kristi.kautz@fletcherfarley.com
               9201 N. Central Expressway, Suite 600
               Dallas, Texas  75231
               (214) 987-9600 (office)
               (214) 987-9866 (facsimile)
               **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied, electronically served or hand delivered to all attorneys of record, in compliance with Rule 21a. of the TEXAS RULES OF CIVIL PROCEDURE, on this the 22nd day of December, 2021.

*/s/ Lane P. Farley*
**LANE P. FARLEY**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Ashley  Chambers on behalf of Lane Farley
Bar No. 787451
ashley.chambers@fletcherfarley.com
Envelope ID: 60253381
Status as of 12/22/2021 11:37 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kristi Kautz | | kristi.kautz@fletcherfarley.com | 12/22/2021 10:54:23 AM | SENT |
| Lane Phillip Farley | 787451 | ashley.chambers@fletcherfarley.com | 12/22/2021 10:54:23 AM | SENT |
| Smaranda Draghia-Hobbs | | shobbs@bushlawgrp.com | 12/22/2021 10:54:23 AM | SENT |
| Charles Bush | 24096028 | cbush@bushlawgrp.com | 12/22/2021 10:54:23 AM | SENT |